UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

ERIC J MAPES,

    Plaintiff,

    v.

CVS HEALTH, INC., et al.,

    Defendants.

Case No. 2:25-CV-00337-GSL-JEM

## OPINION AND ORDER

The matters before the Court are eight different motions that Plaintiff recently filed pro se on August 8, 2025, and August 11, 2025. [DE 7]; [DE 9]; [DE 10]; [DE 11]; [DE 12]; [DE 13]; [DE 14]; and [DE 15]. The Court addresses each of these motions below.

### I.  Motion to Consolidate Cases [DE 7]

Under the Local Rules of this District, all manual filings "must include the filer's original signature." N.D. Ind. L.R. 5-4(b)(1)(C). If a filing is not properly signed, the Court must strike it. Fed. R. Civ. P. 11(a).

Plaintiff's motion [DE 7] is not properly signed because it lacks Plaintiff's original—or wet—signature. Therefore, the Court STRIKES this filing.

### II.  Motion for Reasonable Accommodations and Appointment of Counsel [DE 15]

Plaintiff's request can be condensed down to two things: 1) Electronic Filing Access and 2) Appointment of Counsel. [DE 15]. The basis of Plaintiff's request is his alleged disability and alleged in forma pauperis status.

First, Plaintiff's request to file electronically is against District policy because he is pro se. *Wilson v. Park Ctr., Inc.*, No. 2:09-CV-184, 2010 WL 5818293 (N.D. Ind. Oct. 8, 2010),

*report and recommendation adopted*, No. 2:09-CV-184, 2011 WL 614091 (N.D. Ind. Feb. 11, 2011). The Federal Rules of Civil Procedure permit "[a] person not represented by an attorney" to "file electronically only if allowed by court order or by local rule." *Turner v. Zurich Ins. Grp.*, No. 1:22-CV-01495, 2022 WL 20514785 (S.D. Ind. Aug. 2, 2022) (referencing Fed. R. Civ. P. 5(d)(3)(B)(i)). Such is not the case in this district. Plaintiff has not demonstrated any exceptional circumstances that would permit this Court from deviating from District policy.

Second, Plaintiff's request for appointment of counsel is without merit. "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) (citing *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir.2007)). Whether to appoint an attorney in civil cases is left to the court's discretion. *Id.* "[The] district courts must ask two questions: '(1) [H]as the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Id.* (quoting *Pruitt*, 503 F.3d at 654)). In this case, there is no indication that Plaintiff has made any attempt to obtain counsel on his own. And given Plaintiff's many filings in several courts across the district, he appears to be competent enough to litigate a variety of cases.

Therefore, the Court DENIES Plaintiff's Motion for Reasonable Accommodations and Appointment of Counsel [DE 15].

### III.  Request for Reconsideration of Rejected Filing [DE 14]

The Court previously struck several of Plaintiff's filings because they were not properly signed. [DE 6]. Plaintiff has refiled them at [DE 8], [DE 9], [DE 10], [DE 11], [DE 12], and they meet the signature requirement. Therefore, Plaintiff's Request for Reconsideration is GRANTED, and the Court reviews these filings below.

### IV. Motion for Temporary Restraining Order [DE 9], Motion for Emergency Hearing [DE 10], and Request for Expedited Injunctive Relief [DE 13]

To obtain a temporary restraining order, the moving party has the burden to not only allege, but actually demonstrate: (1) a likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) plaintiff will suffer irreparable harm if the temporary restraining order is not granted. *Lewis v. Silverman*, 2005 U.S. Dist. LEXIS 20347, at *5–6 (N.D. Ind. Sept. 16, 2005); *see Incredible Technologies, Inc. v. Virtual Technologies, Inc.*, 400 F.3d 1007, 1011 (7th Cir. 2005). If these elements are satisfied, the Court must balance the harm to the plaintiff if the restraining order is not issued against the harm to the defendant if the injunction is issued. *Lewis*, 2005 U.S. Dist. LEXIS 20347, at *5–6; *see Incredible Technologies,* 400 F.3d at 1011. The balancing of harms involves a sliding scale analysis: the greater plaintiffs' chances of success on the merits, the less strong a showing they must make that the balance of harm is in their favor. *Lewis*, 2005 U.S. Dist. LEXIS 20347, at *5–6; *see Incredible Technologies,* 400 F.3d at 1011.

Plaintiff's motion must be denied because he fails to satisfy any of the required elements for a TRO. Plaintiff provides minimal facts, and the motion states only conclusory legal claims. Moreover, the Court is unable to determine the specific relief that Plaintiff seeks. Therefore, the Court DENIES Plaintiff's Motion for a TRO [DE 9] and Request for Expedited Injunctive Relief [DE 13], and Plaintiff's Motion for Emergency Hearing [DE 10] is denied as MOOT.

### V. Motion for Leave to Proceed In Forma Pauperis [DE 12] and Motion Requesting Service of Summons and Complaint [DE 11]

Plaintiff seeks leave to proceed in forma pauperis [DE 12]. It appears Plaintiff cannot afford to pre-pay the filing fee. For these reasons, the Court:

(1) GRANTS Plaintiff leave to proceed in forma pauperis [DE 12];

(2) DEFERS payment of the filing fee;

(3) ORDERS Plaintiff to pay the $350.00 filing fee from the proceeds of any recovery received in this case; and

(4) GRANTS Plaintiff's Motion Requesting Service [DE 11] and DIRECTS the Clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Defendant CVS Pharmacy, Inc. and Defendant Aetna, Inc. with a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d)..

SO ORDERED.

ENTERED: August 13, 2025

/s/ GRETCHEN S. LUND
Judge
United States District Court