UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ERIC J. MAPES, <br><br> Plaintiff, <br><br> v. <br><br> CVS HEALTH, INC., *et al.*, <br><br> Defendants. | Case No. 2:25-CV-00337-GSL-JEM |

## **OPINION AND ORDER**

This matter is before the Court on the Motion to Dismiss [DE 26] filed by Defendants, CVS Health, Inc. ("CVS") and Aetna, Inc. ("Aetna"), on October 14, 2025. Plaintiff, Eric J. Mapes, filed his Response [DE 33] on October 20, 2025, and Defendants replied [DE 38] on October 27, 2025. For the reasons set forth below, the Motion [DE 26] is **GRANTED**.

### Background

Plaintiff, proceeding *pro se*, initiated this case on July 28, 2025. [DE 1]. In his Amended Complaint[1], Plaintiff alleges that Defendants violated the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, the Affordable Care Act, and various civil rights pursuant to 42 U.S.C. § 1983 when they allegedly refused to "dispense life-saving medication" to him and barred him from "the premises". [DE 8 at 1].

The alleged facts giving rise to this lawsuit are as follows: Plaintiff, an Indiana resident, is a disabled Medicare recipient suffering from Deep Vein Thrombosis ("DVT"). [DE 8 at 1]. To treat his DVT, Plaintiff is prescribed Eliquis, an anticoagulant. [*Id*. at 2]. Plaintiff also suffers from

---

[1] The Court struck Plaintiff's initial Complaint [DE 1], filed on July 28, 2025, because it did not contain an original – or wet – signature. *See* [DE 6]. The Court ordered Plaintiff to file an Amended Complaint, in accordance with the N.D. Ind. L.R. 5-4(b)(1)(C), within 14 days. [*Id*.]. Plaintiff did so on August 11, 2025. [DE 8]. Therefore, the Amended Complaint [DE 8] is operative.

a speech impairment known as Spasmodic Dysphonia. [*Id*. at 4]. In or around July 17, 2025, Plaintiff contacted CVS, located in Delphi, Indiana, to inquire about the availability of this medication. [*Id*.]. During this phone call, Plaintiff alleges that CVS employees began "verbally abus[ing] Plaintiff, raised their voice, mocked Plaintiff's speech disability, and escalated hostility." [*Id*.]. Then, on or around July 22, 2025, Plaintiff received a text message from CVS indicating that his prescription was filled and ready for pick up. [*Id*.]. As a result, Plaintiff's wife went to retrieve the medication from CVS but was informed it was not in stock. [*Id*.].

The next day, July 23, 2025, Plaintiff received additional texts that the prescription was "active and authorized." [DE 8 at 2]. When Plaintiff attempted to retrieve the medication for a second time, a CVS pharmacist refused to dispense the medication, "citing a mischaracterization of Plaintiff's disability[.]" [*Id*.]. As a result, though not clear in the Amended Complaint as to when or why, Plaintiff was then banned from CVS due to "trespassing." [DE 8 at 2].

Based on the above-described events, Plaintiff filed this lawsuit. He claims that Defendants' alleged misconduct equates to various violations of federal law, specifically violations of the ADA, Rehabilitation Act, Affordable Care Act, and 42 U.S.C. § 1983. [DE 8].

**Legal Standard**

A plaintiff survives a Rule 12(b)(6) motion to dismiss when "stat[ing] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "When examining a motion to dismiss, [a court] will accept as true all well-pleaded facts in the complaint and draw reasonable inferences in favor of the plaintiff." *Kap Holdings, LLC v. Mar-Cone Appliance Parts Co.*, 55 F.4th 517, 523 (7th Cir.

2022) (citation omitted). "But legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *Id.* (quoting *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011)). Although, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted).

## Discussion

*Count I – Violation of Title III of the ADA[2]*

Count I of Plaintiff's Amended Complaint alleges that Defendants violated the ADA by discriminating against him on the basis of his disability, a speech impairment, by refusing to provide him reasonable modifications and effective communication and retaliating against him for asserting accommodation requests and "engaging in protected disability-related advocacy." [DE 8 at 4]. Plaintiff also claims that "these actions [] implicate[d] overlapping obligations under CMS's Medicare Part D regulations, which incorporate ADA standards for pharmacy conduct." [*Id.*].

Title III of the ADA "provides that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by the owner, lessee, or

---

[2] The Court notes that in their Motion to Dismiss, Defendants address Count I, II, and III together stating that "[t]he Seventh Circuit has consistently held that ADA and Rehabilitation Act claims are evaluated under the same analysis …" [DE 27 at 4]. However, that is true only when evaluating claims under *Title II* of the ADA, alongside Rehabilitation Act claims. *See Culp v. Claudhill*, 140 F.4th 938, 942 (7th Cir. 2025) (internal quotations omitted) (holding that claims under Title II of the ADA and Rehabilitation Act are "treated as functionally identical and can be considered together …"; *King v. Hendricks Cnty. Commissioners,* 954 F.3d 981, 988 (7th Cir. 2020). Here, Plaintiff has brought a claim under Title III of the ADA. [DE 8]. Therefore, the Court analyzes each count in turn. *See Reed v. Columbia St. Mary's Hospital*, 915 F.3d 473, at 477-486 (2019) (analyzing the Title III ADA claim and Rehabilitation Act claim separately).

operator of such a place. *Doe v. Mut. of Omaha Ins. Co.*, 179 F.3d 557, 558–59 (7th Cir. 1999) (citing 42 U.S.C. § 12182(a)) (internal quotations omitted); *Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1076 (7th Cir. 2013). Meaning that an "owner or operator of a store … that is open to the public cannot exclude disabled persons from entering [or using] the facility …. in the same way that the nondisabled do." *Mut. of Omaha Ins. Co.*, 179 F.3d at 559.

While CVS is considered a place of "public accommodation" under Title III of the ADA, Defendants argue, and the Court agrees, that Plaintiff has failed plausibly allege that "but for his disability, he would have been able to access the services or benefits desired". [DE 27 at 5] (*citing A.H by Holzmueller v. Ill. High Sch. Ass'n*, 881 F.3d 587, 592 (7th Cir.2018); 42 U.S.C. § 12182(a).  Even while taking the allegations that Plaintiff was "banned from the premises" and "deni[ed] of life-preserving medication …. based on federally protected speech and disability status …" in a light most favorable to him, it would be implausible for the Court infer liability on CVS for discrimination on those facts alone. *Fosnight v. Jones*, 41 F.4th 916, 922 (7th Cir. 2022) (citing Iqbal, 556 U.S. at 678) (holding that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Put another way, Plaintiff fails to explain how his speech impairment allegedly caused CVS to ban him from the premise and deny him access to his medication.  Further, Plaintiff states no facts regarding Aetna's involvement in the alleged disability discrimination. For these reasons, Count I of the Amended Complaint against both Defendants fails.

*Count II – Violation of the Rehabilitation Act*

Section 504 of the Rehabilitation Act provides "that an individual shall not, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or

be subjected to discrimination under any program or activity receiving [f]ederal financial assistance." *T.M.S. v. Heart of CarDon, LLC*, 43 F.4th 737, 739 (7th Cir. 2022). A "program or activity" is defined as "all of the operations of—among other entities—an entire corporation, partnership, or other private organization, ... which is principally engaged in the business of providing ... health care... any part of which is extended [f]ederal financial assistance." *Id*. at 742.

The facts before the Court are that Plaintiff, suffering from DVT and receiving Medicare, was told by CVS that his prescription was ready. [DE 8]. When he went to retrieve it, CVS refused to provide it, thereby 'denying [him] meaning full access …" [*Id*.]. At some point, he alleges he was mocked for his speech impairment and subject to "verbal abuse" by employees of CVS, and then some time after, was banned from the premises, perhaps for "grievance[s]" he filed." [*Id*.]. These facts do not allow the Court to draw any reasonable inference that Plaintiff, due to his disability, was excluded from participating in or benefiting from a program or activity that receives federal financial assistance, let alone what that program or activity is. And, again, Plaintiff has pled no facts as to how Aetna violated the Rehabilitation Act. Accordingly, Count II fails.

*Count III – Violation of the Affordable Care Act*

Count III of the Amended Complaint alleges a violation of the Affordable Care Act, specifically section 1557. [DE 8 at 5]. Like the Rehabilitation Act, section 1557 of the Affordable Care "extends a cause of action to individuals who have been subjected, based on their disabilities, to discrimination by healthcare entities. *Heart of CarDon, LLC*, 43 F.4th at 741. It "forbids discrimination against, and provides a private right of action to, an individual … of a health program or a beneficiary of federal financial assistance. *Id*. at 742 (internal quotations omitted).

The Amended Complaint alleges that CVS acted "as a Medicare provider within a federally regulated healthcare program [and] violated [s]ection 1557 by: [e]ngaging in disability-based

discrimination in the administration of federally covered prescriptions[,] [r]efusing to accommodate Plaintiff[,] and threatening law enforcement in response to protected advocacy." [DE 8 at 5]. The foregoing are all legal conclusions, and therefore fail to plausibly state a claim for a violation of the Affordable Care Act. The Court also notes that Plaintiff does not plead any facts regarding Aetna as it relates to Count III. Therefore, Count III fails as to both Defendants.

*Count IV – Violations under 42 U.S.C. § 1983*

Next, Plaintiff brings a 42 U.S.C. § 1983 claim against Defendants for their alleged violations of his First, Fifth, and Fourteenth Amendment rights. [DE 8 at 5]. The Court need not address the substance of this claim simply because "[t]o state a claim for relief under § 1983, [a plaintiff] must establish … that the alleged deprivation was committed *under color of state law*. *Spiegel v. McClintic*, 916 F.3d 611, 616 (7th Cir. 2019) (emphasis added). Meaning, there is no § 1983 relief when a suit is "based on private conduct, no matter how discriminatory or wrongful." *Id*.; *McDavid v. Folkerth, et al*., 2023 WL 6958641, at *2 (N.D. Ind. Oct. 19, 2023) (noting that "[i]n certain circumstances, a private individual can be deemed to act under color of law if a conspiracy exists," which still requires at least one state actor be involved). CVS and Aetna are not state actors, therefore they cannot be held liable under § 1983. Accordingly, Count IV fails.

*Count V – Violation of Medicare Part D Regulations and Beneficiary Protections*

Finally, Plaintiff has alleged that CVS, through its Medicare Part D Partner, Aetna, violated various Medicare regulations by: failing to maintain adequate pharmacy access (42 C.F.R. § 423.120(a)); failing to provide expedited coverage determination (42 C.F.R. § 426.564); obstructing federally protected care (CMS Medicare Manual Chapter 6 §§ 10 & 30.3); relating and mischaracterizing disability in healthcare access (CMS Final Rule (2023) and 45 C.F.R. § 84.71); and, violating Aetna's Medicare Compliance Plan. [DE 8 at 5-6].

Defendants argue that in bringing forth an alleged issue related to "operations, activities, or behavior" of CVS, CVS Health, and/or Aetna, Plaintiff is to follow the grievance filing process laid out in the Medicare Program – Part D. *See generally* 42 C.F.R. § 560; [DE 27 at 7-8]. Notwithstanding the existence of the grieving filing process, the allegations in the Amended Complaint do not plausibly state that the Program has been violated.

For example, Plaintiff has alleged that Defendants have violated 42 C.F.R. § 243.120(a) "for blocking access in a rural, underserved area." [DE 8 at 5]. § 243.120(a) governs the standards for convenient access to network pharmacies including that "[a]t least 90 percent of Medicare beneficiaries … in urban areas … live within 2 miles of a network pharmacy[,] … in suburban areas … live within 5 miles of a network pharmacy[, and] … [a]t least 70 perfect of Medicare beneficiaries … in rural areas … live within 15 miles of a network pharmacy …" 42 C.F.R. § 243.120(a); [DE 8 at 5]. Plaintiff's allegation that Defendants "block[ed] access" is a legal conclusion and fails to adequately state a violation of § 243.10.

Plaintiff also claims that Defendants violated 42 C.F.R. § 423.564 for "jeopardizing timely access to Eliquis for DVT." [DE 8 at 5]. § 423.564 of the Medicare Program is titled "Grievance Procedures." That section of the Program details the procedures for filing and resolving grievances. *See* § 423.564. This section does not contemplate a pharmacy providing medication in a timely fashion as Plaintiff is alleging Defendants failed to do. Accordingly, Plaintiff has failed to plead a violation of § 423.564. Count V is dismissed.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants Motion to Dismiss [DE 26], and **DENIES as moot** the pending motions found at docket entries: 24, 25, 32, 31, 37 and 46. This case is now closed.

SO ORDERED.

ENTERED: December 15, 2025

/s/ GRETCHEN S. LUND
Judge
United States District Court